IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIETER STEINER,<br><br>Plaintiff,<br><br>v.<br><br>ATKORE HDPE, LLC, ATKORE PLASTIC PIPE CORPORATION, and ATKORE INTERNATIONAL, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-02287-X |

**<u>DEFENDANT'S ORIGINAL ANSWER</u>**

Defendants Atkore HDPE, LLC, Atkore Plastic Pipe Corporation, and Atkore International, Inc. (collectively, "Defendants") files this Answer to Plaintiff's Original Complaint and would respectfully show the Court the following:

## I. PARTIES

1. Defendants admit that Plaintiff was hired as an employee of Atkore Plastic and Pipe Corporation and then became an employee of Aktore HDPE, LLC working at the facility at 4949 Joseph Hardin Road, Dallas, TX 75236, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint. [1]

3. Defendants admit that Atkore Plastic Pipe Corporation, Inc. is a Delaware corporation and may be served through its registered agent, CT Corporation System, 1999 Bryant

[1] Infra Pipes acquired Atkore HDPE, LLC. on April 7, 2026.

St. Suite 900, Dallas, TX 75201, but, but deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that Atkore International, Inc.is a Delaware corporation and it the 100% owner of Atkore Plastic Pipe Corporation and that it may be served through its registered against CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs

5. Defendants admit that Plaintiff's Family and Medical Leave at issue was administered under Claim #50535783 in the name of Atkore International Inc. through The Hartford as third party administrator, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

6. Defendants neither admit nor deny the allegations in Paragraph 6 of the Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

## II. JURISDICTION AND VENUE

7. Defendants neither admit nor deny the allegations in Paragraph 7 of Plaintiff's Complaint because they purport to state jurisdictional averments and legal conclusions for which no answer is required.

8. Defendants neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint because they purport to state jurisdictional averments and legal conclusions for which no answer is required.

9. Defendants neither admit nor deny the allegations in Paragraph 9 of Plaintiff's Complaint because they purport to state jurisdictional averments and legal conclusions for which no answer is required.

10. Defendants neither admit nor deny the allegations in Paragraph 10 of Plaintiff's Complaint because they purport to state jurisdictional and venue averments and legal conclusions for which no answer is required.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit that on May 17, 2026, the EEOC issued a Determination and Notice of Rights, advising Plaintiff of his right to sue under federal law within 90 days of receipt. Defendants neither admit nor deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

14. Defendants neither admit nor deny the allegations in Paragraph 14 of Plaintiff's Complaint because they purport to state jurisdictional averments and legal conclusions for which no answer is required.

15. Defendants neither admit nor deny the allegations in Paragraph 15 of Plaintiff's Complaint because they purport to state jurisdictional averments and legal conclusions for which no answer is required.

## IV. FACTS

16. Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit that in February 2023, Atkore promoted Plaintiff to be the Molding Manager of the Dallas facility reporting to Drake Schrage, Plant Manager, effective

February 19, 2023, at an annual salary of $98,000, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of Plaintiff's Complaint and therefore leaves Plaintiff to his proofs.

18. Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that in Plaintiff's 2023 Annual Performance Review, signed by Manager Drake Schrage on November 14, 2023, Plaintiff was rated at the "HIGH MEETS" level on Competencies and "MEETS" level on Goals. Defendants admit that Schrage noted that the "transfer from Weatherford & Start-up of production in Dallas was completed and driving high production rates in Dallas" and that Plaintiff did a "great job in getting the team up to speed with production," but deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that in Plaintiff's 2024 Annual Performance Review, signed by Manager Jameel Williams on December 4, 2024, Plaintiff was rated at the "MEETS" level on both Competencies and Goals, with Williams noting that Plaintiff "actively participates in LDM in the molding area" and "has shown improvement in creating a culture focusing on Atkore values," but deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

**Plaintiff's Disability and Request for Accommodation:**

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

23. Defendants admit that Plaintiff disclosed he had a foot condition to Director of Operations Gary Cheatwood, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

24. Defendants admit that in December 2024, Plaintiff requested an accommodation related to his foot condition, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

25. Defendants admit that Cheatwood approved this request, but deny the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

**Plaintiff's Wife Is Diagnosed with Stage IV Colon Cancer:**

27. Defendants admit that Plaintiff disclosed to Atkore that his wife, Misty Steiner, had been diagnosed with a medical condition, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs

28. Defendants admit the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

**Plaintiff Takes FMLA-Protected Intermittent Leave:**

30. Defendants admit the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants neither admit nor deny the allegations in Paragraph 31 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

32. Defendants admit the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants admit the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

**Plaintiff Extends His FMLA Leave; Atkore Issues a PIP the Next Day:**

37. Defendants admit that in or around June 2025, Plaintiff extended his intermittent FMLA leave through December 1, 2025, but deny the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendants admit that on June 25, 2025, Cody Jackson became Plaintiff's director supervisor, but deny the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendants admit that the PIP required Plaintiff to be present on the floor for at least 70% of the time, but deny the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants admit that the PIP required Plaintiff to work four-night shifts per month and imposed a 95% production adherence target and that Plaintiff's 2024 annual review had a 90% production goal, but deny the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendants admit that Atkore posted job listings after Plaintiff's termination for Production Shift Supervisor - Injection Molding (Nights) and Production Shift Supervisor –

Injection Molding (Days) for the Dallas facility, but deny the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

**Petty Harassment During the PIP Period:**

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants admit that Plaintiff had a parking spot in the managers parking lot, but deny the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit that Jackson is younger than Plaintiff, but deny the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendants admit that Plaintiff was required to attend PIP check-in meetings, but deny the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52. Defendants admit that Plaintiff's metrics had improved and that he had achieved a 90% productivity rate during the week before his termination, but deny the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

**Plaintiff's Use of FMLA Leave Increases: Atkore Terminates Him:**

53. Defendants admit that Plaintiff used FMLA on June 2, June 16, July 8, July 29, August 4, August 21, and September 2, 2025, but deny the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendants admit that they terminated Plaintiff on September 17, 2025, which was about two weeks after his most recent FMLA use and a little less than three months after he was placed on the PIP, but deny the remaining allegations Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendants admit the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants admit that the termination letter signed by Cody Jackson stated that the termination was "based on your inability to comply with the company standards of performance outlined to you in the conditions of your performance plan issued on June 25, 2025," but deny the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58. Defendants admit that the productivity target imposed on the PIP (95%) was higher than the 90% productivity target in Plaintiff's 2024 annual review, but deny the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT ONE: FMLA INTERFERENCE</u>
### <u>(29 U.S.C. § 2615 (a)(1))</u>

59. Defendants incorporate their responses in the above sections of this Answer and otherwise deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendants neither admit nor deny the allegations in Paragraph 60 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

61. Defendants neither admit nor deny the allegations in Paragraph 61 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

63. Defendants neither admit nor deny the allegations in Paragraph 63 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

64. Defendants admit that on or about April 1, 2025, Plaintiff submitted a leave request to provide care for his wife. Defendants neither admit nor deny the allegations in Paragraph 64 of

Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

65. Defendants admit the allegations in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Defendants neither admit nor deny the allegations in Paragraph 68 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required. Answering further, Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

**COUNT TWO: FMLA RETALIATION**
**(29 U.S.C. § 2615 (a)(2))**

69. Defendants incorporate their responses in the above sections of this Answer and otherwise deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Defendants neither admit nor deny the allegations in Paragraph 70 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever and further deny the allegations in Paragraph 79 of Plaintiff's Complaint.

**COUNT THREE: FAILURE TO ACCOMMODATE DISABILITY**
**(Americans with Disabilities Act & Tex. Lab. Code Ch. 21 )**

80. Defendants incorporate their responses in the above sections of this Answer and otherwise deny the allegations in Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

82. Defendants neither admit nor deny the allegations in Paragraph 82 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

83. Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations in Paragraph 86 of Plaintiff's Complaint.

**COUNT FOUR: DISABILITY DISCRIMINATION**
**(Americans with Disabilities Act & Texas Lab. Code Ch. 21)**

87. Defendants incorporate their responses in the above sections of this Answer and otherwise deny the allegations in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint.

90. Defendants neither admit nor deny the allegations in Paragraph 90 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required. Answering further, Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

91. Defendants neither admit nor deny the allegations in Paragraph 91 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required. Answering further, Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

92. Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint. Answering further, Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

**COUNT FIVE: ASSOCIATIONAL DISABILITIY DISCRIMINATION**
**(Americans with Disabilities Act & Texas Lab. Code Ch. 21)**

93. Defendants incorporate their responses in the above sections of this Answer and otherwise deny the allegations Paragraph 93 of Plaintiff's Complaint.

94. Defendants neither admit nor deny the allegations in Paragraph 94 of Plaintiff's Complaint because they purport to state legal conclusions for which no answer is required.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of Plaintiff's Complaint and therefore leave Plaintiff to his proofs.

96. Defendants deny the allegations in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations in Paragraph 101 of Plaintiff's Complaint. Answering further, Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

## VI. DAMAGES

102. Defendants deny that Defendants wronged Plaintiff and that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

## VII. JURY DEMAND

103. Defendants admit that Plaintiff requests a jury trial.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief prayed for in Section VIII of Plaintiff's Complaint. Defendants specifically deny that they are liable to Plaintiff for any sum of money or in any manner whatsoever.

## IX. DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff, in each alleged cause of action, has failed to state a claim upon which relief may be granted.

2. Plaintiff's injuries, if any, resulted from his own culpable conduct.

3. Defendants have never acted maliciously, willfully, or recklessly toward Plaintiff so as to be liable for any claim or damage at issue herein.

4. Plaintiff was an at-will employee.

5. Defendants' actions were based on legitimate, non-discriminatory, non-pretextual business reasons. At all times, Defendants acted in good faith with regard to the employment of Plaintiff without any intent to, and did not, discriminate against Plaintiff.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

7. Plaintiff's claims are barred, in whole or in part, as a decisionmaker was in the same protected class as Plaintiff.

8. Plaintiff's claims are barred, in whole or in part, because there was no adverse action taken because of Plaintiff's association with someone with a disability.

9. Plaintiff's claims are barred, in whole or in part, as Defendants engaged in an interactive process of assessing Plaintiff's requests for accommodations.

10. Plaintiff's claims are barred, in whole or in part, as the request for accommodation, if any, would have resulted in undue hardship.

11. Plaintiff has failed to mitigate any alleged losses by the exercise of reasonable diligence, and therefore, Plaintiff can have no monetary recovery. Defendants further aver that any amounts earned or earnable with reasonable diligence since the time of Plaintiff's separation of employment must be offset against and reduce the monetary recovery sought in this case.

12. Plaintiff cannot establish *prima facie* cases of interference or retaliation under the FMLA.

13. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, ratification, or acquiescence.

14. To the extent Plaintiff seeks damages for punitive damages under the ADA and TCHRA, Plaintiff will be unable to show that Defendants acted with malice or reckless indifference to Plaintiff's federally and state-protected rights.

15. To the extent Plaintiff seeks damages for emotional distress and mental anguish, such damages cannot be recovered under the FMLA.

16. To the extent Plaintiff seeks liquidated damages under the FMLA, Plaintiff will be unable to show that Defendants did not act in good faith.

17. Defendants reserve the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

Dated: August 3, 2026

Respectfully submitted,

By: */s/ Carrie B. Hoffman*

Carrie B. Hoffman
State Bar No. 00792770
Attorney in Charge
choffman@foley.com
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000
Facsimile: 214-999-4667

Pauline R. Wizig
(*pro hac vice* application forthcoming)
Texas Bar No. 24139550
pwizig@foley.com
Foley & Lardner LLP
3000 K Street NW, Suite 600
Washington, DC 20007-5109
Telephone: 202-672-5300
Facsimile: 202-672-5399

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon counsel of record via electronic mail on August 3, 2026.

*/s/ Carrie B. Hoffman*
Carrie B. Hoffman